**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1210

JAMES EDWARD WORKMAN,

Plaintiff – Appellant,

v.

LHC GROUP, INC.,

Defendant – Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Abington.  Michael F. Urbanski, Senior District Judge.  (1:23−cv−00048−MFU−PMS)

Submitted:  November 3, 2025                          Decided:  May 8, 2026

Before DIAZ, Chief Judge, and RUSHING and HEYTENS, Circuit Judges.

Affirmed by unpublished opinion.  Chief Judge Diaz wrote the opinion, in which Judge Rushing and Judge Heytens joined.

**ON BRIEF:**  Thomas E. Strelka, VIRGINIA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant.  Mark W. Peters, Cynthia T. Lee, HOLLAND & KNIGHT, LLP, Nashville, Tennessee, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Chief Judge:

Home health care provider LHC Group, Inc. fired its employee, James Workman. He then sued under Virginia's whistleblower protection law, alleging that the company retaliated against him for reporting conduct that violated workplace laws and regulations. The district court granted LHC's motion to dismiss, concluding that Workman's beliefs that LHC committed such violations weren't objectively reasonable.

Workman appeals. He argues that the district court asked the wrong question. As Workman sees it, the court should have assessed whether *he* reasonably believed LHC violated laws and regulations.

But under our precedent, that's a distinction without a difference. So we affirm.

## I.

"We begin by reciting the facts alleged in the complaint, which we accept as true and view in the light most favorable to [Workman]." *Moretti v. Thorsdottir*, 157 F.4th 352, 356 (4th Cir. 2025) (citation modified).

### A.

Workman attended a picnic hosted by LHC. There, his colleague's wife, who wasn't an LHC employee, "repeatedly made sexualized comments audible to the entire group including Mr. Workman and his co-workers." Joint Appendix (J.A.) 183–84 ¶¶ 21, 29. She "discussed sexualized practices, questioned a picnic participant regarding his sexual desires, and discussed sexual activity at length." J.A. 183 ¶ 23.

2

"Workman reported this incident verbally to [LHC] Supervisor Tammy Hamilton." J.A. 184–85 ¶ 34. Workman told Hamilton that his colleague's wife "created an environment of harassment that he believed violated the laws governing a safe working environment free of sexualized hostility." J.A. 185 ¶ 37.

After Workman's report, "LHC did not take any steps to seek to prevent further issues or encounters with [his colleague's wife]." J.A. 185 ¶ 39. It "provided no corrective measure and did not appear to investigate the incident." J.A. 185 ¶ 39.

Several weeks later, LHC fired Workman for appearing on a videoconference without a shirt. Workman denied that the video "showed his bare torso" or "any inappropriate image" of him. J.A. 186 ¶ 46.

B.

Workman sued in state court, alleging that LHC violated Virginia's whistleblower protection law for firing him after his report. That law provides that "[a]n employer shall not discharge . . . an employee . . . because the employee: . . . in good faith reports a violation of any federal or state law or regulation to a supervisor . . ." Va. Code Ann. §§ 40.1-27.3(A), (A)(1).

The company removed the case to federal court and moved to dismiss. The district court dismissed Workman's first amended complaint without prejudice.

Workman filed a second amended complaint, again alleging a sole count under the Virginia whistleblower protection law. He claimed that LHC fired him for reporting conduct that he believed violated three laws and regulations: 1) Title VII of the Civil Rights Act; 2) a state regulation requiring some health care providers to adopt written procedures

3

about respectful treatment of patients; and 3) a town ordinance prohibiting willful disturbances.

LHC again moved to dismiss. This time, the district court dismissed Workman's complaint with prejudice. The court concluded that "even if Workman subjectively believed that it was unlawful for a guest to discuss sex with another guest at a picnic hosted by his employer, he [hadn't] shown that belief to be objectively reasonable based on any specific violations of law" or regulation. *Workman v. LHC Grp., Inc.*, No. 1:23-cv-048, 2025 WL 474923, at *5 (W.D. Va. Feb. 12, 2025).

This appeal followed.

## II.

"We apply a de novo standard of review for appeals of motions to dismiss for failure to state a claim." *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 249 n.3 (4th Cir. 2025) (citation modified).

### A.

We start with Workman's contention that the district court "applied an incorrect standard" when it considered whether it was objectively reasonable for Workman to believe that LHC violated the law based on the conduct he reported. Appellant's Br. at 8.

#### 1.

Workman insists that the district court misapplied another federal district court opinion, *Wood v. Bristol Va. Util. Auth.*, 661 F. Supp. 3d 538 (W.D. Va. 2023). He believes that *Wood* changed the standard we articulated in *Peters v. Jenney*, 327 F.3d 307, 320–21

4

(4th Cir. 2003), for Title VI retaliation claims when that court applied *Peters* in the Virginia whistleblower protection law context.

But *Peters*, the only binding precedent, didn't say anything about the Virginia whistleblower protection law, and we haven't applied *Peters* to claims brought under that state law. Workman also hasn't pointed to any Virginia authority validating *Wood*'s approach and instructing courts to follow it. *See Grimmett v. Freeman*, 59 F.4th 689, 693 (4th Cir. 2023) ("[S]tate—not federal—courts have the last word about what state law means.").

Finally, even if we were to accept Workman's construct that our standard for assessing federal retaliation claims applies to Virginia's whistleblower protection law, his claim still fails.

We next explain why.

2.

Workman maintains that the whistleblower protection law requires that a plaintiff "subjectively and reasonably believe[] that his employer was engaged in unlawful practices." Appellant's Br. at 17 (citing *Wood*, 661 F. Supp. 3d at 550). He says the district court erred when it instead assessed whether his belief that LHC violated the law was both subjectively and objectively reasonable.

Workman misreads *Wood*. That case isn't inconsistent with the standard we articulated in *Peters*. 327 F.3d at 307. We held there that the appropriate inquiry for retaliation claims brought under Title VI of the Civil Rights Act is "(1) whether the plaintiff '*subjectively* (that is, in good faith) believed' that the defendant had engaged in a practice

5

violative of the law, and (2) whether this belief 'was *objectively* reasonable in light of the facts,' a standard which we will refer to as one of 'reasonable belief.'" *Id.* at 321 (citation modified).

*Wood* applied this standard to Virginia's whistleblower protection statute. Quoting *Peters*, the court stated that to allege a plausible retaliation claim, a plaintiff must "prove that he opposed an unlawful employment practice which he reasonably believed had occurred or was occurring." *Wood,* 661 F. Supp. 3d at 550 (quoting *Peters*, 327 F.3d at 320). *Wood*'s use of "reasonably believed" is consistent with *Peters,* which referred to the dual subjective and objective standard by the shorthand "reasonable belief." *Peters*, 327 F.3d at 321. Were there any doubt, *Wood* cited our sister circuit for the proposition that the standard has both subjective and objective elements. 661 F. Supp. 3d at 550 (citing *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1312 (11th Cir. 2002)).

B.

We next consider Workman's argument that the district court misapplied the objective reasonableness standard. Workman says the court incorrectly latched on to his failure to allege that the conduct he reported violated a law or regulation.

That's not right. The district court expressly recognized that a "plaintiff is not required to show that the underlying report of unlawfulness was in fact meritorious to prevail." *Workman*, 2025 WL 474923, at *3 (quoting *Wood*, 661 F. Supp. 3d at 550).

The court faithfully followed *Peters* when it concluded that Workman's allegations weren't sufficient to infer that he had an objectively reasonable belief that LHC violated a law or regulation. As the court explained, "it is not reasonable to believe that unspecified

6

comments about sex . . . by a non-employee guest . . . violate sex discrimination laws, like Title VII." *Workman*, 2025 WL 474923, at *5.

The court also logically concluded that it wasn't objectively reasonable for Workman to believe that LHC violated a state regulation requiring some health care providers to adopt written policies, because he failed to allege any specific problems with the company's written policies. And because Workman alleged only the possibility that the conduct "*may be considered* a violation of the [town] ordinance," he couldn't have [had] an objectively reasonable belief that LHC violated it. *Workman*, 2025 WL 474923, at *7 (emphasis in original).

The district court's application of the objective reasonableness standard was faithful to our precedent.

\* \* \*

We affirm the district court's judgment. And we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid our decision-making process.

*AFFIRMED*

7